

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20157-CR-ALTONOGA

UNITED STATES OF AMERICA

    Plaintiff,

v.

MAJESTY MOVING AND STORAGE, ET AL,

    Defendants,
_____/

## NOTICE OF FILING

The United States gives notice of filing a copy of the Plea Agreement between the United States and defendant Anat Evenor and a copy of Consent to Forfeiture in the case of <u>United States v. Anat Evenor</u>, Case No. 03-600999-CR-DIMITROULEAS. The property listed in the Consent To Forfeiture relates to two real properties which were listed in the Indictment as subject to forfeiture in the instant case.

        Respectfully submitted,

        MARCOS DANIEL JIMENEZ
        UNITED STATES ATTORNEY

By: _____
        WILLIAM C. HEALY
        ASSISTANT UNITED STATES ATTORNEY
        Fla. Bar No. 0848395
        99 N.E. 4th Street - 7th Floor
        Miami, Florida 33132
        Telephone: (305) 961-9438
        Fax: (305) 536-7599
        william.healy@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed by United States mail this 1stday of April 2004, to:

Paul Donnelly, Esquire
Donnelly & Gross, P.A.
9832 N.E. 2nd Avenue
Suite 3
Miami, Florida 32601-5205

Luis I. Guerra, Esquire
3127 Ponce De Leon Blvd.
Coral Gables, FL 33134-6816

                                             WILLIAM C. HEALY
                                             Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60099-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

ANAT EVENOR

_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida (hereinafter this "Office") and Anat Evenor (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to an information, which charges the defendant with making false statements to the Federal Bureau of Investigation on or about April 28, 2003, in violation of Title 18, United States Code, Section 1001(a)(2).

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges

that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.   The defendant further understands and acknowledges that the Court may impose a statutory maximum term of five (5) years imprisonment, followed by a term of supervised release of up to three (3) years. In addition, the Court may impose a fine of up to $250,000.

4.   The defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.   This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.   This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. However, this Office will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the Probation Office

of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a) That the applicable guideline range under all of the circumstances of the offense committed by the defendant (after reducing her level by two levels for acceptance of responsibility) is Level 4, Criminal History Category I, with a guideline range of 0-6 months.

b) That the appropriate sentence for defendant is two years of probation.

c) That the defendant is not able to pay a fine, and accordingly no fine should be imposed.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant

may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by both the defendant and the government.

9. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to $115,000 in United States Currency wire-transferred to Israel on April 29, 2003. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. Defendant knowingly and voluntarily agrees to waive any claim or defense she may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. Defendant specifically consents to the forfeiture of all of right, title and interest in $115,000.00 in United States currency, hereafter "the described property," which constitutes property obtained directly or indirectly as a result of a violation of Title 18, United States Code, Section 1956(h), and is subject to forfeiture pursuant to Title 18, United States Code, Sections 982 and 981 as alleged in the indictment styled *United States v. Majesty Moving and Storage et al.,*

in Case No. 03-20157-CR-KING, and defendant consents to the vesting of title to the described property in the United States of America. Defendant agrees to execute a separate consent to forfeiture of the described property and any additional document necessary to effectuate such forfeiture.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute. The defendant further understands that nothing in this agreement shall affect this Office's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if this Office appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentence Guidelines. By signing this agreement, counsel for the defendant acknowledges that he has discussed the appeal waiver with the defendant and that defense counsel, along with the prosecutor, will request that the Court enter a specific finding regarding the defendant's knowing and voluntary waiver of her right to appeal the sentence imposed, as set forth in this agreement.

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

|  |  |
|---|---|
| | MARCOS DANIEL JIMENEZ<br>UNITED STATES ATTORNEY |
| Date: 5/12/03 | By: _____<br>STEPHEN STALLINGS<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 5/14/03 | By: _____<br>TOM SCLAFANI<br>ATTORNEY FOR DEFENDANT |
| Date: 5/12/03 | By: _____<br>ANAT EVENOR<br>DEFENDANT |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60099-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANAT EVENOR,

    Defendant.
_____/

## CONSENT TO FORFEITURE

I, Anat Evenor, come freely and voluntarily and without coercion and make the following declaration:

(1)    I hereby acknowledge that I am an owner of or had dominion and control over $115,000.00 in United States currency seized in this matter.

(2)    I further acknowledge that the $115,000.00 in United States currency, hereafter "the described property," constitutes property obtained directly or indirectly as a result of a violation of Title 18, United States Code, Section 1956(h), and is subject to forfeiture pursuant to Title 18, United States Code, Sections 982 and 981 as alleged in the indictment styled *United States v. Majesty Moving and Storage et al.*, in Case No. 03-20157-CR-KING.

(3)    I consent to the forfeiture of all of my right, title and interest in the described property and to the vesting of title to the described property in the United States of America.

(4)     I waive any right to a jury trial or any other adversarial proceeding regarding the described property and waive any notification about forfeiture proceedings, whether administrative or judicial. I further waive any statute of limitations with respect to the commencement of such forfeiture proceedings. I also waive any defenses I may have to the forfeiture, including a defense under the Eighth Amendment, excessive fines rationale.

(5)     In executing this consent, I hereby declare that I will not commence and/or pursue any litigation and/or claim against the United States of America, any agency of the United States of America, any past or present employee, officer or agent of the United States of America, based upon the investigation leading up to the seizure, arrest, maintenance, or forfeiture of the described property.

(6)     I hereby declare that I release and will hold harmless all agents, officers and employees of the United States, from all claims concerning the seizure, arrest, maintenance or forfeiture of or litigation concerning the described property.

(7)     I will assist the United States of America in obtaining any orders of final forfeiture (civil and/or criminal) and or decree of forfeiture (administrative) in disposing of the described property. This assistance shall include, but shall not be limited to, execution of any and all documents deemed appropriate by the Office of the United States Attorney for the Southern District of Florida, and/or assisting the United States of America in its defense against claims of any third parties asserting a claim to the described property.

(8)     I agree to join in any motion by the United States relating to the described property within ten days of receipt thereof; I hereby grant the United States an irrevocable Power of Attorney to act for or in connection with the described property in any manner it deems appropriate.

(9)     This Consent to Forfeiture may be incorporated into a plea agreement, an Order of

Forfeiture or any other Order of the Court or Decree of Forfeiture. Subsequent to the date hereof, any violation of any term or representation contained in this Consent to Forfeiture, shall be construed as a violation of an Order of the United States District Court for the Southern District of Florida. The Court which enters an Order of Forfeiture shall retain jurisdiction over this cause even after entry of such Order for the purpose of enforcing the Order and the terms and the conditions of this Consent to Forfeiture.

(10)   In all proceedings related to this action, I have been represented by counsel. I have reviewed and discussed with counsel this Consent to Forfeiture, including the waiver of any defenses I may have to the forfeiture and including my waiver of a right to a jury trial on the forfeiture issue.

READ and AGREED this ___7___ day of __May__, 2003.

_____
ANAT EVENOR
DEFENDANT

_____
TOM SCLAFANI
ATTORNEY FOR DEFENDANT